UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.:  3:22-cv-30-DJH
*Electronically Filed*

| | |
|---|---|
| JAMES ERNEST BINGHAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| MENARD, INC. | ) |
| and | ) |
| MIKE HILFIKER | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Comes now the Defendants, Menard, Inc. ("Menard") and Mike Hilfiker, by and through counsel, and for their Notice of Removal of this action from the Jefferson Circuit Court, Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, at Louisville, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully state as follows:

1. That on or about December 22, 2021, the Plaintiff, James Ernest Bingham ("Plaintiff"), filed a Complaint in the Jefferson Circuit Court, Civil Action No. 21-CI-007179, against Menard and Mr. Hilfiker, arising from an alleged slip-and-fall accident that occurred at the Menard store located at 9625 Preston Xing Blvd., Louisville, Kentucky 40229 (the "Store") on May 17, 2021. Plaintiff's Complaint alleges that the subject fall was caused by a 4' high rubber mat dispaly on the floor of the Store, which Plaintiff alleges amounted to an unreasonably dangerous condition on the premises. (Complaint at ¶ 7). Copies of all process and pleadings in said action are attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit A**.

1

2. As a result of the subject incident, Plaintiff has asserted negligence claims against Menard, the owner of the premises, and Mike Hilfiker, the General Manager of the Store.

## TIMELINESS OF REMOVAL

3. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

4. Defendant Mike Hilfiker was served with the Complaint on December 31, 2021, and Defendant Menard was served with the Complaint on January 4, 2022. Accordingly, this notice of removal is timely because less than thirty days have elapsed since Defendants' receipt of Plaintiff's Complaint.

## VENUE

5. Venue for this removal action is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(b)(1) and 3.2(b) of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky because the Western District Louisville Division is the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

6. The Plaintiff, upon information and belief, is a resident of the Commonwealth of Kentucky.

7. Pursuant to 28 U.S.C. § 1332 (c)(1), a corporation shall be deemed a citizen of its state of incorporation and the state where it has its principal place of business. Therefore, Menard is a citizen of Wisconsin, its state of incorporation and location of its principal place of business.

8.     The Defendant, Mike Hilfiker, is citizen of Kentucky. However, as detailed below, Mr. Hilfiker is not a proper party to this lawsuit, as he has been fraudulently joined to this action by Plaintiff in an effort to thwart diversity jurisdiction. Therefore, Mr. Hilfiker's non-diverse citizenship must be disregarded for diversity purposes. *See Coyne v. American Tobacco Company*, 183 F. Supp. 488, 493 (6th Cir. 1999).

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) and (c) because there is diversity of citizenship between Plaintiff and Menard and the total amount claimed by Plaintiff exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs, as evidenced by Plaintiff's Complaint stating that the damages sought in this action are in excess of the jurisdictional limits of the United States District Court. (Plaintiff's Complaint at ¶¶ 4, 17, and 28).[1]

## FRAUDULENT JOINDER OF MIKE HILFIKER

10.     It is well-settled that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). A party alleging fraudulent joinder "must demonstrate that there is no 'colorable' cause of action" against the defendant. *Pinion v. Wal-Mart Stores East,* LP, 2015 U.S. Dist. LEXIS 191167 (E.D. Ky. May 12, 2015). In assessing whether joinder of a non-diverse defendant was fraudulent, the Court employs "a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). A non-diverse defendant will be deemed to have been fraudulently joined if it is "clear that

---

[1] If Plaintiff disputes that the amount in controversy exceeds the minimum jurisdictional amount, he is requested to swear or affirm under oath that he will neither see, attempt to prove, nor accept any judgment in an amount at or above the jurisdictional minimum. See Del Real v. HealthSouth Corp., 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (holding that plaintiff's refusal to sign a binding stipulation that he would not seek, accept or collect more than $75,000 was evidence that plaintiff was seeking an amount in excess of the jurisdictional requirement).

there can be no recovery [against that defendant] under the law of the state on the cause alleged or on the facts in view of the law." *Alexander*, 13 F.3d at 949. Put another way, to determine whether fraudulent joinder is present, the question that must be answered is "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.*

11. In the instant case, Plaintiff's claims arise from a slip-and-fall incident involving a rubber floor mat display at the Menard Store on May 17, 2021. (Complaint at ¶¶ 6-7). Plaintiff's Complaint asserts negligence claims against Menard, the owner of the Store, and Mr. Hilfiker, the General Manager of the Store. Despite the obvious contrast in possessor/ownership status of the Store between Mr. Hilfiker and Menard, Plaintiff's theories of liability asserted against Mr. Hilfiker are virtually identical to his claims against Menard. First, Plaintiff alleges that Mr. Hilfiker, as the General Manager of the Store, owed a duty to maintain the premises and surrounding area of the Store in a reasonably safe condition for invitees and failed to do so by allowing a purportedly dangerous condition to exist on the premises in an area where Mr. Hilfiker knew or should have known that invitees would traverse. (*Id.* at ¶¶ 20-21). As such, Plaintiff's primary theory of liability against Mr. Hilfiker sounds in premises liability. However, in addition to asserting a traditional premises liability theory of negligence against Mr. Hilfiker, Plaintiff also appears to assert facts that could be construed as asserting some form of negligent hiring and/or supervision claim against Mr. Hilfiker, as Plaintiff alleges that Mr. Hilfiker hired and/or supervised employees of Menard that knew or should have known of the dangerous condition and failed to exercise proper supervision over same. (*Id.* ¶¶ 22-24).

12. In short, there is simply no reasonable basis to predict that Mr. Hilfiker could be held liable to Plaintiff based on the facts and causes of action asserted under Kentucky law for three reasons: (1) Mr. Hilfiker was not the "possessor" of the premises as the operative term is

applied in Kentucky jurisprudence; (2) Plaintiff has failed to allege any independent acts of negligence on the part of Mr. Hilfiker; and (3) Plaintiff's claims sounding in negligent hiring, negligent training, and/or negligent supervision fail because Mr. Hilfiker was not the employer of the unidentified employees Plaintiff alleges were negligent.

13. As a threshold matter, Plaintiff's negligence theory against Mr. Hilfiker sounding in premises liability fails because Mr. Hilfiker was not "possessor" of the Store for premises liability purposes. In the context of a premises liability claim, liability generally flows from a person or entity's status as the "possessor" of the land. *See Shelton v. Ky. Easter Seals Soc., Inc.*, 413 S.W.3d 901, 910 HN8 (Ky. 2013) ("When considering a premises liability claim, first and foremost, *a land possessor* is subject to the general duty of reasonable care") (emphasis added). In *Grubb v. Smith*, 523 S.W.3d 409, 422 (Ky. 2017), the Kentucky Supreme Court rejected the theory that a store manager for a Speedway could be liable for injuries incurred when a store patron tripped over an eroded patch of asphalt on the store's premises. *Id.* at 421-27. First, the court explained that the possessor of the premises for premises-liability purposes is that person (or entity) in occupation of the premises (or entitled to immediate occupation) with the intent control them. *Id.* at 422. Applying this definition, the court quickly concluded that the Speedway manager did not undertake or have authority to make repairs and, therefore, the manager did not have "sufficient control" to impose liability. *Id.* at 423. The same logic applies here, as it is clear from the facts that Mr. Hilfiker did not possess sufficient control over the premises or the condition at issue to be considered a land possessor. Mr. Hilfiker is merely an hourly employee for Menard. (Affidavit of Mike Hilfiker at ¶ 1, attached hereto as **Exhibit B**). He is not, nor has he ever been, the owner of the Menard building or the land upon which it is situated. (*Id.* at ¶ 2). Moreover, he has no voice or control over how merchandise is displayed at the Store, including the placement

of floor mat display such as the one at issue in this case. (*Id.* at ¶ 4). Rather, decisions pertaining to the placement of merchandise and floor mat displays for same utilized in Menard stores are made exclusively at the corporate level through Menard's corporate offices in Eau Claire, Wisconsin. Thus, the condition at issue—the floor mat display—was exclusively under the control, direction, and supervision of Menard's corporate office; Mr. Hilfiker had not authority or control over the placement of the floor mat display at issue. (*Id.* at ¶ 4). As such, there is no colorable basis for holding Mr. Hilfiker liable under a premises liability theory, as he did not own the premises or possess sufficient control over the condition to impose liability as a possessor.

14. Because Mr. Hilfiker cannot be considered a "possessor" under Kentucky law for the reasons explained above, the remaining analysis must turn on whether there is a colorable basis to infer that Mr. Hilfiker breached an independent tort duty to Plaintiff, which could potentially give rise to an ordinary negligence claim. *Grubb*, 523 S.W.3d at 426. To be liable to a third party, an agent of a land-possessor "must have sufficient control over the premises to remedy the premise' alleged defect." *Id*. at 425. In the absence of sufficient control, an employee may only be held liable where that employee "in the course of employment, breaches his or her *independent* tort duty to a third-party…." *Id*. at 426 (emphasis added). Kentucky law does not impose a duty for a store manager to warn patrons of dangerous conditions that **they did not create or have sufficient control over.** See *Gayheart v. Wal-Mart, Inc.,* No. 7:18-cv-00096-GFVT, 2018 U.S. Dist. LEXIS 195538 at * 7 (E.D. Ky. Nov. 15, 2018) ("Even when construed in the light most favorable to [plaintiff], Kentucky law establishes no duty for a store manager, much less a store employee, to warn patrons of dangerous conditions they did not create"). (emphasis added).

15. Here, Plaintiff does not allege that Mr. Hilfiker caused or created the purported dangerous condition that allegedly caused his fall; in fact, Plaintiff's Complaint alleges no

independent act of negligence against Mr. Hilfiker at all. Rather, Plaintiff seeks to hold Mr. Hilfiker liable by simply alleging that store managers possess a universal duty to "maintain the premises and surrounding area…in a reasonably safe condition for invitees, and/or to supervise and manage other Menard agents, servants, employees, or representatives in doing so." (*Id.* at 20). Because Kentucky law does not impose an affirmative duty to maintain the premises of a store merely by virtue of being an employee/manager; there must be some facts alleged to allow the court to infer that the manager possessed a more substantial level of control or otherwise committed an independent act of negligence. In this case, there are none and, therefore, the absence of factual allegations establishing the same establishes that Mr. Hilfiker was improperly joined.

16.     As for the remaining allegations against Mr. Hilfiker that appear to allege facts closer to a traditional negligent supervision/hiring claim under Kentucky law, there is equally no colorable basis for recovery under the facts alleged. To state claim for negligent hiring and retention under Kentucky law, the Plaintiff must allege "(1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to plaintiff." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W. 3d 705, 733 (Ky. 2009). Furthermore, it has been noted that in Kentucky the tort of negligent hiring "has only been applied in cases in which a third party sues an employer whose employee committed a tort." *Harris v. Burger King Corporation*, 993 F. Supp. 2d 677, 692 (W. D. Ky. 2014) (citing *Montell v. Diversified Clinical Servs., Inc.*, 969 F. Supp. 2d 798 (E.D. Ky. Aug. 26, 2013). The "threshold issue of a negligent hiring, training, or supervision claim is whether the accused tortfeasor was actually an employee of the named defendant." *Southard v. Belanger*, 966 F. Supp. 2d 727, 744 (W.D. Ky. Aug. 19, 2013). If the tortfeasor at issue was not the named defendant's employee, or its servant or agent, the negligent

7

hiring, training, or supervision theory of liability against the named defendant fails as a matter of law. *Id.*

17. In the instant case, any "employee" supposedly hired and supervised by Mr. Hilfiker (who was never named in Plaintiff's Complaint) would not be considered an employee of Mr. Hilfiker's for purposes of a negligent hiring and/or training claim; he or she would be an employee of Menard. But even if this tort was applicable to Mr. Hilfiker, Plaintiff has still failed to allege any facts that support an inference that Mr. Hilfiker knew or reasonably should have known that an unidentified employee was unfit for the job and that the employee's placement or retention in that job created an unreasonable risk of harm to Plaintiff. As such, Plaintiff's allegations concerning the alleged negligent hiring and supervision of Menard employees by Mr. Hilfiker fail as a matter of law.

18. Since there is no colorable action against Mr. Hilfiker for the reasons explained above, this Court should find that Mr. Hilfiker was fraudulently joined and, therefore, disregard his non-diverse citizenship for purposes of removal of this action.

19. A true and accurate copy of Defendants' Notice of Removal was filed with the Clerk of Court of the Jefferson County Circuit Court today.

WHEREFORE, the Defendants, Menard, Inc. and Mike Hilfiker, respectfully remove this action from the Jefferson County Circuit Court to this Court for all other appropriate procedures, including dismissal of Plaintiff's claims against Mr. Hilfiker.

Respectfully Submitted,

/s/ Alexander B. Hyman
Alexander B. Hyman, Esq.
B. Scott Jones, Esq.
730 West Main Street, Suite 300
Louisville, KY 40202
Telephone:	(502) 584-1310
Facsimile:	(502) 589-5436
Email: Ahyman@reminger.com
Email: Sjones@reminger.com
**Counsel for Defendants Menard, Inc. and Mike Hilfiker**

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Alexander B. Hyman
Alexander B. Hyman, Esq.