UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JAMES ERNEST BINGHAM, | Plaintiff, |
| v. | Civil Action No. 3:22-cv-30-DJH |
| MENARD INC. and<br>MIKE HILFIKER, | Defendants. |

\* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff James Ernest Bingham sued Defendants Menard Inc. and Mike Hilfiker, the General Manager of the Louisville, Kentucky Menards store, in state court. (Docket No. 1-1) Defendants removed the action to this Court (D.N. 1), and Hilfiker now moves to dismiss.[1] (D.N. 5) Bingham moves for remand. (D.N. 7) After careful consideration, the Court will deny the motion to dismiss and grant the motion to remand.

**I.**

On May 17, 2021, Bingham tripped and fell in the Louisville Menards store "due to a [four-inch] high rubber mat display left [o]n the floor." (D.N. 1-1, PageID.11) At the time of the incident, Hilfiker was the General Manager of the store. (*See id.*; D.N. 5-2, PageID.52) Bingham

---

[1] Defendants move for leave to file a sur-reply, which Bingham does not oppose. (D.N. 10) In support of the motion, Defendants argue that in Bingham's reply, he "relie[d] exclusively on case law that was not asserted in the first responsive brief." (D.N. 10, PageID.111; *see* D.N. 9) Finding that a "valid reason" exists for additional briefing, the Court will grant the motion. *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, No. 3:19-CV-00238-GNS, 2022 WL 627029, at \*7 (W.D. Ky. Mar. 3, 2022) ("[G]ranting leave to file a sur-reply may be appropriate in the court's discretion when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008))); *see Key v. Shelby Cnty.*, 551 F. App'x 262, 264–65 (6th Cir. 2014) (noting that district courts have discretion to grant leave for a party to file a sur-reply).

1

initiated an action in state court on January 7, 2022, claiming negligence against Defendants under Kentucky law. (*See* D.N. 1-1) Defendants removed the action to this Court on January 20, 2022, pursuant to 28 U.S.C. § 1332(a)(1). (D.N. 1) Hilfiker now moves to dismiss the claims against him, asserting fraudulent joinder (D.N. 5), and Bingham moves to remand the action, arguing that the Court lacks subject-matter jurisdiction.[2] (D.N. 7)

## II.

Defendants removed this action based on diversity jurisdiction. (*See* D.N. 1) The party removing a case to federal court "bears the burden of establishing federal court jurisdiction." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017). Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest, and "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)) (internal quotation marks omitted). Because removal statutes are narrowly construed, "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

It is undisputed that diversity jurisdiction does not exist on the face of the complaint because Bingham is a citizen of Kentucky, and Hilfiker and Menard are citizens of Kentucky and Wisconsin, respectively. (*See* D.N. 1-1, PageID.2–3) Yet Hilfiker asserts fraudulent joinder (*id.*;

---

[2] Hilfiker asserts that his motion to dismiss is based in part on Bingham's failure to state a plausible claim for relief, *see* Fed. R. Civ. P. 12(b)(6), which, according to Hilfiker, is an argument "separate" from his assertion of fraudulent joinder. (D.N. 10-1, PageID.115; *see* D.N. 5-1) Because the Court finds remand appropriate, it declines to address the 12(b)(6) argument. *See McNally v. Kingdom Tr. Co.*, No. 5:21-CV-0068 (TBR), 2021 WL 4555838, at *1 (W.D. Ky. Oct. 5, 2021) (noting that if a federal court finds remand appropriate, "the state court should decide the motion to dismiss").

D.N. 5-1), contending that Kentucky law forecloses liability in a negligence action against a store manager. *See Coyne*, 183 F.3d at 493. In evaluating the claim of fraudulent joinder, the Court will consider "all the factual allegations in the [plaintiff's] state court pleadings in the light most favorable to the [p]laintiff[]." *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 693 (W.D. Ky. 2019) (alterations in original) (quoting *Fulton Cnty v. Underwriters Safety & Claims, Inc.*, No. 5:18-cv-138-TBR, 2019 WL 97080, at *2 (W.D. Ky. Jan. 3, 2019)) (internal quotation marks omitted). The standard to establish fraudulent joinder is "even higher than the standard required by a motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). There must be "no glimmer of hope that the plaintiff could prevail against the non-diverse defendant[] in state court." *Gipe*, 416 F. Supp. 3d at 693 (quoting *Fulton Cnty.*, 2019 WL 97080, at *2) (internal quotation marks omitted).

Because the presence of Hilfiker in this action destroys diversity, the Court's subject-matter jurisdiction depends on whether Bingham has "at least a colorable cause of action" against him. *Id.* (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). In the complaint, Bingham asserts negligence against Hilfiker due to Hilfiker's alleged (1) failure to maintain the store in a reasonably safe condition; (2) failure to warn of a dangerous condition; and (3) negligent hiring and/or supervision of other Menard employees. (*See* D.N. 1-1, PageID.12–13) The "central issue" is whether Hilfiker can be held liable under Kentucky law based on these allegations. *Morris v. Walmart Stores E., L.P.*, No. 6:20-CV-150-REW, 2021 WL 203197, at *3 (E.D. Ky. Jan. 20, 2021).

In *Grubb v. Smith*, 523 S.W.3d 409 (Ky. 2017), the Kentucky Supreme Court issued a split decision that addressed the scope of a store manager's potential liability for a business invitee's

injury.³ Justice Hughes, writing for three justices, determined that such liability is limited to cases in which the manager exercised "substantial control" over the "injury-causing" condition. *Id.* at 427 (Hughes, J.). These three justices concluded that the defendant manager had not exercised sufficient control to be liable for the invitee's injury. *Id.* Justice Venters, writing for the remaining three justices, determined that the manager, as the business's "eyes and ears," had a duty to exercise reasonable care in addressing any dangerous condition on the premises. *Id.* at 431–32 (Venters, J., concurring). In short, three members of the Kentucky Supreme Court "would have limited employees' liability essentially to situations where they have 'substantial control'" of the dangerous condition, while three other members "would have applied general negligence principles" to the employee. *Luther v. Lowe's Home Ctrs., LLC*, No. 5:20-CV-412-CHB, 2021 WL 1394462 (E.D. Ky. Apr. 13, 2021) (quoting *Grubb*, 523 S.W.3d at 427). The split decision in *Grubb* therefore makes ascertaining a clear standard as to manager liability "virtually impossible." *Ashley v. Wal-Mart Stores E., LP*, No. 6:20-CV-106-CHB, 2020 WL 7646972, at *4 (E.D. Ky. Dec. 23, 2020).

Several recent cases have nonetheless grappled with the ambiguity created by the *Grubb* decision. *See, e.g.*, *Luther*, 2021 WL 1394462; *Morris*, 2021 WL 203197; *Ashley*, 2020 WL 7646972; *Justice v. Lowe's Home Ctrs., LLC*, No. 7:19-CV-00051-GFVT, 2019 WL 6310724 (E.D. Ky. Nov. 25, 2019); *Clark v. Lowe's Home Ctrs., LLC*, No. 6:19-CV-114-REW, 2019 WL 5092941 (E.D. Ky. Oct. 11, 2019). In each case, the court found that the plaintiff asserted a colorable negligence claim against the defendant store manager. Even under the more limited standard of liability set out in Justice Hughes's *Grubb* opinion, the cases reasoned, it was

---

³ The *Grubb* opinion notes that done of the Kentucky Supreme Court's seven justices did not participate in the decision. *See* 523 S.W.3d at 431.

"possible" that the manager had exercised sufficient control over the dangerous condition to result in liability. *Luther*, 2021 WL 1394462, at *5; *see Ashley*, 2020 WL 7646972, at *5 ("[G]iven the unsettled status of Kentucky premises-liability law, Plaintiff's negligence claim is colorable when viewing the facts and law in her favor under either Justice Hughes's or Justice Venters's standard."); *Clark*, 2019 WL 5092941, at *4 (noting that "if it turns out that" the manager "had a hand" in the dangerous condition and "acted without due care, even the Hughes formulation suggests potential liability"). Accordingly, the court in each case remanded the action to state court. *Luther*, 2021 WL 1394462, at *8; *Morris*, 2021 WL 203197, at *7; *Ashley*, 2020 WL 7646972, at *7; *Justice*, 2019 WL 6310724, at *3; *Clark*, 2019 WL 5092941, at *5.

Hilfiker attempts to distinguish these previous negligence cases from this action by submitting an affidavit, which explains that the Menard corporate office "controls and directs how merchandise" is arranged. (D.N. 5-2, PageID.53; *see* D.N. 10-1) The affidavit further states that the rubber mats were displayed in accordance with Menard's instructions. (*See* D.N. 5-2, PageID.53) Although Hilfiker concedes that he served in a managerial role at the Menards store on the date of the incident, he denies having any control over the condition of the floor, creating the "condition on the floor," or training Menard employees "in any manner related to the condition or placement of floor mats." (*Id.*, PageID.52–53)

But defendant store managers presented similar affidavits in *Luther*, 2021 WL 1394462, *Ashley*, 2020 WL 7646972, and *Clark*, 2019 WL 5092941, and in all three cases, the court nonetheless remanded the action to state court. As the court in *Clark* explained, although the affidavit outlined the manager's duties, it was possible that she had "the power to control [or] to correct" a tripping hazard or participated in setting up the display at issue. 2019 WL 5092941 at *4. It accordingly found that there was at least a "colorable" basis for recovery against the

manager. *Id.* at *5. Similarly, while Hilfiker outlines his duties as manager and denies controlling the area where the rubber mats were displayed, the Court cannot say that there is no "glimmer of hope" that the facts will ultimately support Bingham's theory that Hilfiker exercised *some* control over the mat display. *Id.* The affidavit therefore does not justify removal. *See id.* at *4–5; *see also Luther*, 2021 WL 1394462, at *3 (finding remand appropriate despite manager's affidavit, which stated that he had no control over the allegedly dangerous condition); *Ashley*, 2020 WL 7646972, at *4 (granting remand where it was at least "*conceivable* that [the manager] had enough control 'to remedy' the defect"); *Pinion v. Wal-Mart Stores E., LP*, No. CV 15-25-ART, 2015 WL 12989971, at *2 (E.D. Ky. May 12, 2015) (remanding action to state court where the manager's affidavit left "unanswered questions about the scope of his duties to Wal-Mart invitees like [plaintiff]").

Finally, Hilfiker relies on *Gayheart v. Wal-Mart, Inc.*, No. 7:18-CV-00096-GFVT, 2018 WL 6028702 (E.D. Ky. Nov. 15, 2018), to support removal. In *Gayheart*, the court determined that the non-diverse store employee was fraudulently joined in a slip-and-fall action because the employee "had no duty to warn" the plaintiff of the injury-causing condition. *Id.* at *4. But as the court in *Luther* pointed out, *Gayheart* is distinguishable on two grounds: (1) the defendant employee in *Gayheart* was not a manager, and (2) the *Gayheart* opinion "did not grapple with the uncertainty posed by the . . . Grubb split." *Luther*, 2021 WL 1394462, at *7; *see Morris*, 2021 WL 203197, at *6 n.19 (distinguishing *Gayheart* on the ground that the defendant employee in that case was not a manager); *Ashley*, 2020 WL 7646972, at *7 ("There is considerably more ambiguity in Kentucky premises-liability law related to store managers than *Gayheart* or Defendants acknowledge."); *Clark*, 2019 WL 5092941, at *5 n.7 (noting that the *Gayheart* opinion

6

"did not wrestle" with the split decision in *Grubb* and therefore "discount[ing] *Gayheart*'s force"). Hilfiker's reliance on *Gayheart* is thus unpersuasive.

In light of the ambiguity in Kentucky negligence law as to manager liability, and resolving "all doubts" in favor of remand, *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007), the Court finds that Hilfiker has not met his "heavy burden" to demonstrate fraudulent joinder. *Luther*, 2021 WL 1394462, at *2. The Court will accordingly grant Bingham's motion to remand and deny Hilfiker's motion to dismiss.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendants' motion to file a sur-reply (D.N. 10) is **GRANTED**.

(2) Hilfiker's motion to dismiss (D.N. 5) is **DENIED**.

(3) Bingham's motion to remand (D.N. 7) is **GRANTED**. This case is **REMANDED** to Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c).

September 12, 2022

David J. Hale, Judge
United States District Court